BRIDGET BROOKMIRE, RESPONDENT, *v.* JOHN MONAGHAN, APPELLANT.

*Chapter 646 of 1873—death of husband alone, does not give a cause of action under.*

A complaint, alleging that the defendant sold intoxicating liquors to plaintiff's husband, intoxicating him and rendering him incapable of labor and of supporting the plaintiff, and so injuring him as to cause his death, and that, by reason of his death, plaintiff had been injured in property and means of support to the amount of $5,000, does not state a cause of action under the Civil Damage Act.

*Hayes* v. *Phelan* (4 Hun, 733; 5 id., 335) followed.

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought under the Civil Damage Act (chap. 646 of 1873). The complaint alleged that the plaintiff and one Francis Brookmire were married in 1852, and lived together until his death, January 6, 1877.

" That, during the months of November and December, 1876, and the fore part of the month of January, 1877, the defendant sold and gave the said Francis Brookmire strong, spirituous and intoxicating liquors, and furnished the same to and for the said Francis Brookmire, to be used and drank by him. That said strong, spirituous, and intoxicating liquors were used and drank by the said Brookmire, and caused him to be intoxicated, and greatly injured him in person and strength, and rendered him incapable of labor and supporting this plaintiff, and so injured him that he died on the 6th day of January, 1877. That the strong, spirituous, and intoxicating liquors sold by defendant to said Francis Brookmire, as aforesaid, which were drank as aforesaid, were the cause of the death of the said Brookmire. That, by reason of the death of the said Francis Brookmire, this plaintiff has lost her husband, and been injured in property and means of support to the amount of $5,000."

Upon the trial, evidence was admitted tending to prove a cause of action for the loss of the husband's support, occasioned by her husband's becoming intoxicated during the months of November and December.

*Z. S. Westbrook,* for the appellant.

*J. W. Eighmy,* for the respondent.

*Per Curiam:*

The complaint in this action asks damages only by reason of the death of plaintiff's husband, which death is alleged to have been caused by intoxication by liquors sold the deceased by defendant. This court has heretofore decided, in *Hayes* v. *Phelan*

(4 Hun, 733; 5 id., 335), that such damages are not recoverable under the act of 1873. That decision must control us in this department until the Court of Appeals shall have determined it is erroneous, although a different view has been expressed in the fourth department, in *Jackson* v. *Brookins* (5 Hun, 530). Proper exceptions were taken to the evidence, tending to establish a cause of action outside of the allegations of the complaint. The motions for a nonsuit also presented the same question. We think, in the reception of such evidence, and in refusing the motions for a non-suit, the learned judge was led into error, whereby a substantially new cause of action was allowed to be established and sustained by the verdict of the jury; and, for this reason, we think a new trial should be granted, costs to abide the event.

Present — LEARNED, BOARDMAN and TAPPAN.

New trial granted, costs to abide event.